(30 Misc. Rep. 307.)

MEYER v. REIMERS et al.

(Supreme Court, Special Term, New York County. January, 1900.)

1. PARTNERSHIP—LIQUIDATION BY PARTNERS.

Where partnership articles stipulate that the business is to be liquidated on the expiration of the agreement by the general partners jointly, with the option of the special partners to appoint a competent person to conduct the liquidation jointly with such general partners, neither of the general partners can liquidate the partnership severally, but must act with the liquidator appointed by the special partners.

2. SAME—APPOINTMENT OF RECEIVER.

Where, by a firm agreement, the business, on the expiration of the partnership, is to be liquidated jointly by the general partners and an appointee of the special partners, a receiver will not be appointed for the partnership, because one of the general partners and such appointee refuse to allow the other general partner to act alone in liquidating the partnership.

3. SAME—FORMATION OF NEW PARTNERSHIP.

Articles of a partnership, composed of general and special partners, stipulated that on its expiration the business was to be liquidated by the general partners jointly with an appointee of the special partners, and such special partners might assume control of the business if they so desired. *Held* that, on the dissolution of such partnership, the formation of a new partnership by one of the general partners and some of the special partners to continue the business did not disqualify the participants in such new partnership from acting as liquidating partners, so as to require the appointment of a receiver for the old partnership.

4. SAME—APPROPRIATION OF GOOD WILL.

Where, by agreement on the dissolution of a partnership, composed of general and special partners, the special partners may continue the business, a receiver will not be appointed for the old firm at the instance of one of the general partners, because some of the partners of the old firm have formed a new partnership and appropriated the good will of the old partners, where the new partnership, though continuing such business, has not taken the name of the old firm, nor occupied its place of business, nor used any trade-marks or labels employed by the old partnership.

5. SAME.

On the dissolution of a firm the partners were to act jointly in its liquidation. One of the partners refused to so act, and insisted on his right to act alone, and on such demand being denied, and measures being taken to compel him to keep his agreement, he applied for a receiver. It was not claimed that either of the other partners was guilty of fraud or misrepresentation, or that their acts had involved any loss on the partnership. *Held* insufficient to entitle such applicant to the appointment of a receiver.

Motion by Arthur Meyer against Herman Reimers and others for the appointment of a receiver pendente lite of a dissolved corporation. Motion denied.

Einstein & Townsend, for plaintiff.

Ivins, Kidder & Melcher and Henry Wollman, for defendants.

ANDREWS, J. This is a motion for the appointment of a receiver pendente lite of a partnership which has been dissolved by the effluxion of time, and it would be easy to write an extended essay in regard to the rights and duties of partners before and after dissolution, and as to the circumstances under which a receiver will be appointed of a partnership after it has been dis-

solved. I do not see, however, that any useful purpose can be subserved by so doing, and I will therefore state as briefly as I can the reasons why I think the motion for the appointment of a receiver in this case should be denied. The rules of law as to the rights and duties of partners, both before and after the dissolution of a partnership, and as to the appointment of receivers after a dissolution, have been settled by repeated adjudications, and plaintiff's counsel has undoubtedly correctly stated the same, both in his argument on the hearing of the motion and in the brief which has since been submitted. The difficulty about the matter is that, in my opinion, such rules do not apply to the case at bar. Paragraph 17 of the articles of partnership which were entered into by the plaintiff and the defendants provides in part as follows:

"Upon the expiration of this agreement by effluxion of time, or from any cause except death of both general partners, the business shall be wound up forthwith. The liquidation shall be conducted by the general partners for the time being jointly, or the survivor of them, if one be dead. The general partners or partner so liquidating the business shall be entitled to such remuneration for conducting the liquidation as shall be mutually agreed. But Messrs. Heilbut, Symons & Co. shall have the option of appointing a competent person to conduct the liquidation jointly with the said general partners or partner, the remuneration of such person to be paid out of the assets."

This provision is absolutely inconsistent with the theory of the plaintiff that the affairs of the partnership in question are to be liquidated according to the rules of the common law, above referred to. Heilbut, Symons & Co. are expressly given the option of appointing a competent person to take part in the liquidation of the affairs of the firm, and such person is to conduct the liquidation jointly with the general partners or partner, in case one shall have died. Under this provision, Heilbut, Symons & Co. have exercised the option thereby given to them, and have appointed Mr. Richard Delafield as liquidator, and, such appointment having been made, the right which each of the general partners had severally to liquidate the affairs of the partnership has been destroyed. If they desire, or either of them desires, to take part in the liquidation of the affairs of the firm, they or he must do so jointly with Mr. Delafield. Moreover, the provision of this paragraph that the liquidation shall be conducted by the general partners jointly is, in my opinion, sufficient to take away from each partner the right which he would otherwise have had to severally liquidate the affairs of the partnership. The articles of co-partnership in this case are of the most elaborate description, and are very carefully drawn; and if it had been intended by the parties that the affairs of the partnership were to be liquidated by each partner, acting separately, as in the absence of such provision would have been his right, the provision in question would have been unnecessary, and would not have been inserted. The conclusion that I have reached as to the intent and meaning of the above-quoted provision, paragraph 17 in the articles, is, I think, fully warranted by the language itself of such provision. But, if confirmation is needed, it is to be found in many facts and circumstances which appear in the papers submitted in opposition to this motion, some of which are as follows: Heilbut, Symons

& Co. is a very old and wealthy English firm, which had been engaged in the purchase and sale of crude rubber and of gums for a great many years prior to the formation of the partnership in question, and in the course of their business they had established purchasing agencies all over the world, wherever rubber and gums are for sale. One method adopted by them for the transaction of their business was the establishment of purchasing agencies in the city of New York. Such purchasing agencies had been established in this city for many years prior to the formation of the partnership between the plaintiff and the defendants, and had usually consisted of firms in which the general partners were young men who had been connected with Heilbut, Symons & Co. in England, and who had been sent over here to act as general partners, Heilbut, Symons & Co. being special partners. Such agencies have existed in the city of New York for over 30 years prior to the formation of the present firm, and the plaintiff and Reimers were both young men, who had been in the employ of Heilbut, Symons & Co., and who were allowed by that firm to become general partners in the partnership, and were placed in charge of the business, which, as above stated, had been established for many years. These young men put in some capital of their own; but the very large capital required besides in the conduct of the business was furnished entirely by Heilbut, Symons & Co., with the result that when the firm was dissolved by limitation of time, on the 31st of December, 1899, Heilbut, Symons & Co. were creditors to the amount of over $1,000,000, and there were practically no other creditors. It also appears that the articles of partnership contain the following provision:

"Upon the limited partnership being determined in any way, Messrs. Heilbut, Symons & Co. shall (subject to the liquidation of the business transacted up to such dissolution) be entitled to assume sole control of the business, and may carry on the same either as general partners, or may constitute another limited partnership, as to them shall seem fit."

Under the circumstances above set forth, it was entirely natural that Heilbut, Symons & Co. should, as they did by the above-quoted paragraph 17 of the articles, make provision that, upon the dissolution of the partnership between themselves and Reimers and Meyer, the affairs of the old partnership should be liquidated forthwith, and that they should be liquidated by the general partners, and by a liquidator whom they had the option to appoint jointly; and the facts and circumstances above set forth in my judgment confirm the construction which I have placed upon the above-quoted provision of paragraph 17, to the effect that neither the plaintiff nor Reimers had the right to liquidate the affairs of the concern separately or severally, but that, if they saw fit to act as liquidators, they must act with one another, and also with the liquidator who has been appointed by Heilbut, Symons & Co. The learned counsel for the plaintiff claims that a receiver should be appointed on various specific grounds, which he stated upon his argument, and he has set forth in his brief:

First. That the plaintiff's partner, Reimers, and the liquidator appointed by Heilbut, Symons & Co., Delafield, refused to permit the

plaintiff to act alone in liquidating the affairs of the company. If the views above set forth are correct, the plaintiff has no right to act alone as such liquidator, and therefore such refusal does not constitute a ground for the appointment of a receiver.

Second. That the defendants Reimers, Heilbut, and Fleischmann have disqualified themselves from acting as liquidating partners. The basis of this claim is that the three gentlemen named have formed a new partnership, whose business is dealing in crude rubber and gums, and whose place of business is in the city of New York; that the new partnership has employed, with two exceptions, all the clerks and other persons who were in the employ of the old partnership; that they have assumed control of all the agencies in different parts of the world, through which the old firm made purchases of rubber and gums. It is a sufficient answer to this claim that the partnership articles provide, as above set forth, that, upon the determination of the old partnership, Heilbut, Symons & Co. shall be entitled to assume the sole control of the business, and to carry on the same, through general partners, or to constitute another limited partnership, as to them shall seem fit. The three persons named, therefore, had a perfect right to form a new partnership to deal in rubber and gums if they saw fit; and, if there shall be any competition between the new firm and the liquidators of the old firm, such competition is provided for and permitted by the above-cited provision in the articles of co-partnership. Moreover, it is shown by the affidavits that it is impossible that there should be any serious competition between the new firm and such liquidators; that the sole business of the liquidators is to sell the stock on hand, collect outstanding accounts, and that, after deducting such sums as may be payable to the general partners and allowable for expenses, the remainder is to be paid over to Heilbut, Symons & Co., who are the sole creditors; that crude rubber is in great demand, and has a well-established market price; and that the plaintiff and Reimers, after the dissolution of the old partnership, agreed upon a price at which the stock should be sold, and that it would be contrary to the interest of the new firm that any portion of the stock belonging to the old firm should be sold for less than the regular market price.

Third. It is claimed that the defendants have appropriated the good will of the old partners. This claim does not seem to me to be well founded. It is difficult to understand of what, in the present case, such good will consists. Ordinarily, good will consists in the right to use the name and to occupy the old place of business, to use the old trade-marks and labels, and, generally, to have the benefit of the tendency of old customers to continue to trade with the successors of an established firm which has gone out of existence. In the present case, even if the plaintiff should desire to continue in the same business (which it is stated he does not), he would have no right to use the old name, and the new partnership has not attempted to take that name. The new partnership has a separate place of business, and it appears that the liquidators can, if they see fit, continue to occupy the place of business heretofore occu-

pied by the old firm, nor does it appear that the old firm used any trade-marks or labels which the new firm proposes to use. Moreover, the new firm has the right to make use of the agencies established by Heilbut, Symons & Co. in different parts of the world, if it sees fit to do so; to employ the clerks who were employed by the old firm; and certainly the new firm has the right to avail itself of the capital of Heilbut, Symons & Co. if that concern sees fit to permit it to do so. Besides, if there is such a thing as good will which belonged to the old partnership, it belongs to all the partners, and is an asset to be sold, and cannot be appropriated, in whole or in part, by the plaintiff, except after a sale.

Fourth. It is claimed that defendants have been guilty of violating the partnership agreement in various respects, but none of the allegations in this regard seems to me to require notice, as, even if such allegations were true, they would not furnish ground for the appointment of a receiver.

In conclusion: The appointment of a receiver is not claimed upon any of the grounds usually set up in such cases. It is not claimed that either Reimers or Delafield has been guilty of any fraud or misappropriation, or waste or improvidence, or that the acts which they have done, or propose to do, will involve any loss to the partnership, or to the plaintiff, except so far as they have denied his right to be paid something on account of the alleged good will of the old concern. It does appear, according to the affidavits submitted in opposition to the motion, that he at first demanded $120,-000, afterwards $60,000, on account of such good will, and that when his demand was refused he made certain threats. Mr. Reimers in his affidavit says:

"And this deponent further states: That about November, 1899, the said Meyer demanded of this deponent that he pay him the sum of $120,000 for what he called 'good will' of the firm of Reimers & Meyer; and then about January 4, 1900, said Meyer reduced his demand to $60,000, and stated that, if I refused to pay him such sum, he would apply for the appointment of a receiver and tie up the assets of the firm. That prior to such date Mr. Meyer had said to me a number of times that, unless I made a cash payment to him to compensate him for his retirement, he would embarrass and annoy Heilbut, Symons & Co. and myself as much as possible, and, to quote his identical words as nearly as it is possible for me now to repeat them verbatim, that he would 'do everything out of pure cussedness to bother us, and would show all of our competitors and customers just how much money had been made by the firm of Reimers & Meyer in the past, as it would make no difference to him, for he was going to leave the country shortly for good, and going to England to live, and could afford to do just as he pleased, unless I paid him out.'"

Mr. Meyer, in his answering affidavit, denies that he used the language above attributed to him, but admits that:

"I did say, and I still say, that I am entitled to a fair remuneration for good will, and that I will do everything within my power that the law permits to enforce my claim, and to compel the defendants Reimers and Heilbut, Symons & Co. to pay me for that good will which they have appropriated to themselves."

The situation, therefore, is that Meyer demands payment to him of a large sum of money for something that apparently does not exist, and threatens to make trouble for his old partners unless such

payment is made; that, although he is bound by the articles of co-partnership to liquidate the affairs of the old concern jointly with Reimers and Delafield, he refuses to do so, and insists upon his right to act alone, independently of either of them; and when such right is denied, and when measures are taken to compel him to keep his agreement, he comes into court, and declares that there is a dispute and disagreement,—which are solely of his own creation,—and asks for a receivership, and that he himself be appointed receiver. Under these circumstances, assuming that the plaintiff and his counsel are entirely sincere, and believe that their contention is well founded, I do not think that any further argument or statement is necessary to show that this is not a case in which a receiver should be appointed, and that such appointment would be of no possible benefit to the plaintiff, and would be a great hardship and injustice to the defendants.

Motion denied, with $10 costs.